**Carmon McKENZIE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2697.**

Court of Appeals of Alaska.

July 14, 1989.

Thomas A. Ballantine, III, Asst. Public Defender, Palmer, and John Salemi, Acting Public Defender, Anchorage, for appellant.

William L. Estelle, Asst. Dist. Atty., Steven H. Morrissett, Dist. Atty., Palmer, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

### OPINION

BRYNER, Chief Judge.

Carmon McKenzie was convicted by a jury of driving while intoxicated (DWI), in violation of AS 28.35.030. She appeals her conviction on the grounds that the evidence presented at trial did not satisfy the *corpus delicti* requirement. We affirm.

On December 22, 1987, Alaska State Trooper Bradley Anderson responded to the scene of a one-car accident on the Palmer–Fishhook Road. He found Carmon McKenzie seated in the front seat of the car, which had gone off the road into a snowbank. Debbie DeClements, who had been a passenger in the car, was seated in the vehicle of an Emergency Medical Technician at the scene.

Trooper Anderson observed that McKenzie's eyes were red and watery, her speech was slurred, and there was a moderate odor of alcohol on her breath. The trooper escorted McKenzie to his vehicle and interviewed her there. McKenzie identified herself as the owner of the car and told him she was attempting to pass when the accident happened. McKenzie was arrested and transported to the trooper post in

Palmer. At the trooper post McKenzie submitted to an Intoximeter test, which showed a blood alcohol level of .17 percent.

At trial, both Debbie DeClements and Dan Chapman testified that Chapman, and not McKenzie, had been driving McKenzie's car at the time of the accident. DeClements testified that she and McKenzie had called Chapman from a bar and asked him to come and drive them into town, because they felt they were too intoxicated to drive. She testified that Chapman had left the scene of the accident in order to get help before the trooper arrived, and that he returned to the scene after the trooper had left with McKenzie. Chapman's testimony was substantially in agreement with DeClements'.

McKenzie argues that the evidence presented by the state failed to satisfy the *corpus delicti* requirement. The *corpus delicti* rule precludes a criminal conviction based solely on the uncorroborated confession or admission of the accused. In order to avoid unjust convictions, the rule requires that the defendant's confession or admission be supported by independent evidence of the defendant's guilt before the case can be submitted to the trier of fact. *Armstrong v. State,* 502 P.2d 440, 447 (Alaska 1972); *Drumbarger v. State,* 716 P.2d 6, 12 (Alaska App.1986). To establish *corpus delicti,* the evidence need not be sufficient, independent of the defendant's statement, to establish all of the elements of the crime. Rather, the state must introduce "substantial independent evidence which would tend to establish the trustworthiness of the statement." *Drumbarger,* 716 P.2d at 12 (quoting *Armstrong,* 502 P.2d at 447).

McKenzie contends that no evidence was presented, apart from her statement, to substantiate a finding that she was driving at the time of the accident. We disagree. Ample evidence was introduced to support McKenzie's admission. McKenzie was found in the front seat of a car that had just gone off the road. She was the owner of the car. As the trial court observed, the position of the car indicated, "if not bad driving, at least some problem with controlling the vehicle." McKenzie appeared to be intoxicated, and subsequently was found to have a blood alcohol level of .17 percent. The evidence that the crime of driving while intoxicated occurred and that McKenzie was the driver was sufficient to support her admission for purposes of the *corpus delicti* rule.

The conviction is AFFIRMED.