844 P.2d 1131 (1993)
In the Matter of the ESTATE OF Ruth McCOY, Deceased.
Hugh CANNON, Appellant,
v.
Rozena STONEFIELD, Appellee.
No. S-4888.
Supreme Court of Alaska.
January 22, 1993.
*1132 Arthur Lyle Robson, Robson Law Office, Fairbanks, for appellant.
William S. LaBahn, Eugene, OR, for appellee.
Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

OPINION
COMPTON, Justice.
This case arises out of a will contest between Ruth McCoy's sole beneficiary, Hugh Cannon, and her sister, Rozena *1133 Stonefield. After a unanimous jury verdict in favor of Stonefield, Cannon appeals the trial court's formulation of the jury instruction on the issue of undue influence, as well as the trial court's decision to disqualify Cannon's attorney on ethical grounds. We affirm the judgment of the superior court.

I. FACTUAL AND PROCEDURAL BACKGROUND
The evidence regarding the making of Ruth McCoy's last will is essentially uncontroverted. The parties dispute the inferences and conclusions that can be drawn from the evidence.
On March 22, 1989, McCoy executed a will leaving her entire estate to Hugh Cannon, a neighbor who had become McCoy's friend. This will revoked McCoy's previous will, executed in 1971, which divided the estate equally between Rozena Stonefield, McCoy's sister, and relatives of McCoy's deceased husband. After McCoy died on October 4, 1989, Stonefield charged that the 1989 will was the product of undue influence exercised by Cannon.
The 1989 will was drafted by attorney Arthur Robson at Cannon's request. Cannon, who had a power of attorney from McCoy, told Robson that McCoy wished to leave everything to him. Although McCoy was ostensibly Robson's client, Robson did not consult with her, did not discuss the terms of the will with her, and did not supervise execution of the will. In fact, Robson never met McCoy, despite his intention to do so. Cannon arranged for a Notary and witnesses when the will was executed.
At trial, Stonefield argued that Robson was Cannon's agent in preparing the 1989 will, and that the will should be invalidated on the basis of undue influence. The jury returned a unanimous verdict in favor of Stonefield. Cannon appeals on the basis that the jury instruction defining undue influence was erroneous and prejudicial. He further argues that the trial court abused its discretion in disqualifying Robson from representing Cannon at trial.

II. DISCUSSION

A. JURY INSTRUCTION ON UNDUE INFLUENCE
Cannon argues that the jury instruction as given was an improper statement of the law and that, but for the erroneous instruction, he would have prevailed. The trial court's instruction on undue influence reads:
Instruction No. 21
If you find that all the requirements of a valid will have been satisfied, you may still find in favor of the challenger if you find that the maker was unduly influenced when she made her will. The challenger claims the maker was unduly influenced when she made her will. The supporter claims that the maker was not unduly influenced. I will now tell you what undue influence is.
A maker of a will is unduly influenced when another person has so influenced the maker that the maker made a will which she would not have made had she freely followed her own judgment and wishes.
For the challenger to win on this claim, you must decide that it is more likely than not there was undue influence.
In this case, the challenger claims that:
1. There was a confidential relationship between the maker and the supporter.
2. The supporter took an active part in the making of the will.
If you decide that both of these things more likely than not are true, you must return a verdict for the challenger, unless you find that despite these facts it is more probable than not that there was no undue influence. If you are not persuaded that both of these things more likely than not are true, you still may decide, on the basis of all of the evidence, that it is more likely than not that there was undue influence and return a verdict for the challenger. Otherwise, you must find that there was no undue influence.
*1134 Cannon argues that Instruction 21 does not correctly reflect the controlling doctrine of Paskvan v. Mesich, 455 P.2d 229 (Alaska 1969), and erroneously shifts the burden of persuasion to the proponent of the will.[1]

1. Waiver of Error.
Stonefield argues initially that Cannon waived any error in the instruction by failing to object at trial. We agree.
Civil Rule 51(a) requires a party that disagrees with the formulation of a jury instruction to make an objection to that instruction at trial.[2] This court has noted that:
The purpose of [Rule 51(a)] is to enable the trial judge to avoid error by affording him an opportunity to correct his charge before it goes to the jury. The dictates of the rule are satisfied only if the judge is clearly made aware of the alleged error in or omission from the instructions. Counsel's objections must be specific enough to clearly bring into focus the precise nature of the asserted error.
Saxton v. Harris, 395 P.2d 71, 73 (Alaska 1964). See also Brown v. Estate of Jonz, 591 P.2d 532, 534 (Alaska 1979) (even under a "less stringent view of Rule 51(a) ... counsel should make a specific objection to a given instruction" so the trial court has an opportunity to rule on the party's position).
The record shows that Cannon did not object to the language of which he now complains.[3] Cannon clearly stated: "Okay, Your Honor. I'll accept the instruction. I have no further objection, Your Honor." At no time was the trial court made aware of the alleged error, or given an opportunity to correct the instruction. Having failed to object in a timely manner, Cannon is precluded from raising the issue in this court.

2. Plain Error.
Because Cannon has failed to comply with Rule 51(a), this court will not review the jury instruction unless plain error has occurred:
A party who fails to so object is not entitled to review of an instruction unless it appears that giving the challenged instruction was plain error such that a miscarriage of justice would occur if the instruction was not reviewed.
Haskins v. Shelden, 558 P.2d 487, 492 (Alaska 1976). Plain error will be found only when an erroneous instruction creates "a high likelihood that the jury followed an erroneous theory resulting in a miscarriage of justice." Holiday Inns of America, Inc. v. Peck, 520 P.2d 87, 91 (Alaska 1974). As this court more recently stated, the "ultimate determination in analyzing plain error in jury instructions is simply whether a correct instruction would have likely altered the result." Conam Alaska v. Bell Lavalin, 842 P.2d 148, 153 (Alaska 1992) (citations omitted).
We are not persuaded that another instruction would have resulted in a different outcome. The problem with Instruction 21 *1135 is that it may have shifted the burden of persuasion to the proponent of the will. Paskvan contains the clearest explanation of the presumption of undue influence, stating:
When the principal or sole beneficiary under a will, who had a confidential relationship with the testator, participated in the drafting of the will, then a presumption of undue influence arises. It requires the beneficiary to come forward with a satisfactory explanation for his actions. He must show that he did not take advantage of the confidential relationship in influencing the testator to execute the will in his favor.
455 P.2d at 233.
The presumption of undue influence shifts only the burden of production, not the burden of persuasion, to the proponent of the will. This conclusion is supported by Paskvan, and is consistent with Alaska Evidence Rule 301: "a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion." Alaska R.Evid. 301.
In Paskvan, the will proponent did not come forward with sufficient evidence to "carry his burden of overcoming the presumption of undue influence." 455 P.2d at 233. In this case, however, Cannon appears to have met his burden of coming forward with sufficient evidence to raise the possibility that there was no undue influence. In denying Stonefield's motion for a directed verdict, the trial court noted:
[W]hether or not that confidential relationship [between Cannon and McCoy] was used rests on determinations of the credibility of the witnesses, and the inferences to be drawn both from the direct and circumstantial evidence that has been presented. And reasonable jurors may differ in drawing those inferences and in weighing the testimony that's been presented in this case.
Having met his burden of coming forward, Cannon was entitled to an instruction on undue influence which properly left the burden of persuasion with Stonefield.
The instruction standing alone seems to have improperly shifted the risk of nonpersuasion to Cannon: "If you decide that both of these things more likely than not are true, you must return a verdict for the challenger, unless you find that despite these facts it is more probable than not that there was no undue influence." The shift is a subtle one. Nevertheless, the jury may have believed that Cannon was required to prove that it was more probable than not that there was no undue influence, rather than requiring Stonefield to prove that it was more probable than not that there was undue influence.[4]
Although Instruction 21 may have contained an erroneous statement of law, Cannon has failed to persuade this court that it was highly likely that the error was determinative. Cannon has not made a persuasive argument that a correct instruction would likely have altered the result. He has simply concluded that the instruction was ambiguous and misleading. This court will not speculate on whether a correct instruction would have changed the result. Conam Alaska v. Bell Lavalin, 842 P.2d 148 (Alaska 1992); Holiday Inns of America, 520 P.2d at 92. Accordingly, it cannot be said that the subtle shift in the burden of persuasion constituted plain error.[5]

B. DISQUALIFICATION OF ROBSON AS TRIAL COUNSEL

1. Standard of Review.
A trial court's decision to disqualify counsel will only be reversed if it constitutes *1136 an abuse of discretion. Munn v. Bristol Bay Hous. Auth., 777 P.2d 188, 196 (Alaska 1989). This court has stated that "[w]e will reverse for abuse of discretion only when left with a definite and firm conviction, after reviewing the whole record, that the trial court erred in its ruling." Betz v. Chena Hot Springs Group, 742 P.2d 1346, 1348 (Alaska 1987).

2. Code of Professional Responsibility.
The Code of Professional Responsibility indicates two situations in which withdrawal is required where the attorney involved becomes a witness. In the first situation, following the dictates of DR 5-102(A), an attorney must withdraw if there is notice or reasonable probability that the attorney will be called as a witness on behalf of a client and attorney testimony does not fall within one of the four exceptions enumerated in DR 5-101(B). The second situation requiring withdrawal arises if an attorney learns or it is obvious that the attorney may be called by the other side and attorney testimony is or may be prejudicial to the client. DR 5-102(B). This court has raised the burden in the second situation to avoid the risk that parties might attempt to disqualify opposing counsel by calling counsel as a witness. Where the attorney is not a "central figure in the litigation," a motion for disqualification under DR 5-102(B) must be supported by a showing that the evidence is unobtainable elsewhere. Munn, 777 P.2d at 197.
Cannon argues that the trial court abused its discretion in disqualifying Robson on the basis that further representation of Cannon would be in violation of the Code of Professional Responsibility. He asserts that hindsight makes it clear that Robson's testimony fell within the rule's four exceptions: (1) Robson was not asked to testify on contested matters, (2) his testimony related to formalities only, (3) his testimony related to the nature and scope of his legal services, and (4) substantial hardship was worked on the client in terms of unnecessary expense.
Stonefield argues that Robson was properly disqualified under DR 5-101 and DR 5-102 since (1) he was a "central figure in the litigation," (2) his testimony was material to crucial disputed matters and could not be obtained elsewhere, and (3) his testimony was prejudicial to his client.[6]
In reviewing discretionary decisions made by a trial court, this court examines the evidence at the time the decision was made, rather than evidence adduced following the decision. The "hindsight" approach advocated by Cannon is inappropriate, since such a review focuses on information not available to the trial court when it made its decision. Reviewing the pleadings and the evidence before the trial court at the time Robson was disqualified, it cannot be said that the court abused its discretion in granting the motion for disqualification.[7] The trial court was in the *1137 best position to weigh the considerations surrounding Robson's disqualification. Its decision was not an abuse of discretion.

III. CONCLUSION
By failing to properly object to the trial court's formulation of Instruction 21, Cannon waived his right to appeal any error therein. Although the instruction may have contained an erroneous statement of law, we cannot say that the instruction was plain error. Accordingly, we AFFIRM the judgment in favor of Stonefield.
The trial court's decision to disqualify Cannon's attorney on ethical grounds was not an abuse of discretion. The ruling of the trial court is AFFIRMED.
NOTES
[1] Cannon makes several ancillary arguments regarding the jury instruction. We note these arguments only insofar as they may suggest the absence of plain error. See infra p. 1135. Cannon first argues that the imperative language of the instruction ("must return a verdict") creates an "irrebuttable presumption of undue influence." This argument is without merit, given the qualifying "unless" that immediately follows. Cannon next argues that AS 13.11.165(a), AS 13.16.165(b) and AS 13.16.170 shift the presumption applicable to self-proved wills from a presumption that undue influence exists, to a presumption that no undue influence exists. This argument is likewise without merit. AS 13.16.170 merely states that the will challenger has the burden of establishing undue influence, and AS 13.11.165 deals only with the formalities of will execution for self-proving wills. Neither statute changes or shifts any burden relating to the issue of undue influence.
[2] Civil Rule 51(a) provides in part:

No party may assign as error the giving or the failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection.
[3] At trial Cannon made an objection based only on the two-pronged test derived from Paskvan v. Mesich, 455 P.2d 229 (Alaska 1969). After a brief discussion with the court, however, Cannon expressly accepted the instruction as written.
[4] We reach our conclusion despite the fact that the trial court's instruction came directly out of the Alaska Pattern Jury Instructions. Alaska PJI 26.10. The language in question appears in the last paragraph of the Use Note to PJI 26.10, and the rationale for its inclusion is less than clear. Apparently, the commentator was suggesting the inclusion of the language if the Alaska Supreme Court were ever to decide that the presumption of undue influence shifts the burden of persuasion as well as the burden of production. As we have never done so, the language was inapplicable.
[5] The fact that we conclude there was no plain error does not mean we approve of Instruction 21.
[6] Stonefield also argues that Cannon has waived any objections to disqualification by not seeking immediate review by this court under Alaska Appellate Rule 402(b)(1). Rule 402 provides litigants an opportunity to seek review of interlocutory orders that would otherwise not be appealable until a final judgment was entered. The rule does not, however, require a litigant to petition for review of non-appealable orders. Stonefield's waiver argument on these grounds is therefore without merit.
[7] It was reasonable for the trial court to conclude that Robson, who drafted McCoy's will at Cannon's request without ever consulting McCoy, ought to have been called by Cannon to explain Cannon's role and help refute the charge of undue influence. None of the enumerated exceptions set forth in DR 5-101(B) apply. Further, opposing counsel indicated in a letter that he would call Robson as a material witness. Given Robson's dealings with Cannon, and the disputed facts that revolve around these dealings, it was reasonable for the trial court to conclude either that (1) Robson was a "central figure in the litigation," or (2) that Robson's testimony was material and could not be obtained elsewhere. Accordingly, the court could have found that Robson should be disqualified under the Munn standard.

These conclusions are further warranted by the policy behind the ethical rules which make it clear that the roles of advocate and witness are fundamentally incompatible. J.D. Pflaumer, Inc. et al. v. United States Dep't. of Justice, 465 F. Supp. 746, 748 (E.D.Pa. 1979). As Ethical Cannon 5-10 states: "Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate."