**Valerie LEGGETT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–11136.**

Court of Appeals of Alaska.

March 7, 2014.

---

3. § 1912(b).

Olena Kalytiak Davis, Anchorage, for the Appellant.

Mary Gilson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, and ALLARD, Judge, and HANLEY, District Court Judge.*

## OPINION

Judge HANLEY.

A jury convicted Valerie Leggett of driving under the influence, and she appeals. Leggett argues the trial court erred in finding her admission of driving was sufficiently corroborated to satisfy the corpus delicti rule. A central issue in this appeal is whether a trial judge can consider inadmissible evidence in determining whether a defendant's confession is sufficiently corroborated to satisfy Alaska's corpus delicti rule.

Because Alaska takes an "evidentiary foundation" approach to corpus delicti, we conclude that Alaska Evidence Rule 104(a) applies to corpus delicti determinations. This evidence rule declares that when a judge is making preliminary determinations concerning the admissibility of proposed evidence, the judge is not bound by the rules of evidence. Thus, under Evidence Rule 104(a), a trial judge may consider inadmissible evidence when determining whether a defendant's confession is sufficiently corroborated to satisfy the corpus delicti rule.

Leggett also argues that the court erred in not sua sponte granting a mistrial after a key government witness invoked the Fifth Amendment, and that the court later erred in denying Leggett's motion for a new trial on this same basis. We conclude the trial court was not required to declare a mistrial sua sponte, and that the court did not err when it denied Leggett's motion for a new trial.

### Facts and proceedings

Valerie Leggett and her husband, Dustin Leggett, were drinking at a bar near their home in Sterling. Later that evening, Dustin called 911 to report that Leggett had tried to run him over. Troopers responded, and Leggett admitted she had driven. She stated that a friend had been driving them home but she and Dustin argued during the trip. The friend and Dustin got out of the vehicle, and Leggett drove the rest of the way to their house—a short distance—to get to their son before Dustin did. Leggett denied trying to run Dustin over. Both Leggett and Dustin were intoxicated.

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

Dustin gave conflicting information to the troopers. He said that after he got out of the car, Leggett tried to run him over and headbutted him. But the trooper did not believe Dustin's allegations. In fact, the evidence indicated that Dustin had assaulted Leggett. Leggett was injured; she had a concussion and appeared to have a fractured nose. The State charged Dustin with assault, and he ultimately pleaded guilty to harassment.

Based on the evidence that Leggett had driven the car while she was intoxicated, Leggett was charged with driving under the influence. The State's evidence that Leggett had driven consisted of her own admissions that she drove, plus the contents of Dustin's 911 call and his statements to the troopers.

Leggett's defense was that her mother had driven her and Dustin home from the bar, that Dustin lied about her driving to distract the troopers from his assault on her, and that she had told the troopers that she had driven because she had been "extremely intoxicated" and injured. Leggett did not contest her intoxication.

The parties and the court started trial with the assumption that Dustin would testify. The prosecutor subpoenaed Dustin as a witness for trial, and the prosecutor told the jury during the State's opening statement that Dustin would testify that Leggett had driven the car. But in the middle of trial, after the two troopers testified, the prosecutor learned that Dustin would be asserting his Fifth Amendment privilege. The prosecutor then announced that he would not be calling Dustin as a witness.

District Court Judge pro tem Peter G. Ashman found the prosecutor had not intentionally misled the defense and the court about his intent to call Dustin as a witness, but Judge Ashman found that the defense would be prejudiced if Dustin did not testify. The judge required the prosecutor to attempt to call Dustin. But after an *in camera* hearing, the court ruled that Dustin had a valid Fifth Amendment claim.

Because Dustin's anticipated testimony had already been described to the jury, Judge Ashman told Leggett's attorney that he would grant a mistrial if the defense attorney requested one. But he clearly stated that if Leggett did not request a mistrial, he would not grant one sua sponte. Despite the court's offers, Leggett's attorney did not request a mistrial.

Judge Ashman also asked Leggett's attorney if Dustin's statements to the troopers—which had been described during the testimony—should be stricken from the record. But Leggett's attorney told the judge that she did not want the statements stricken. The attorney told the judge that Dustin's statements should not be admitted for the truth of the matters asserted, but that the statements should remain in the record to show the context of the troopers' investigation. Judge Ashman instructed the jury as requested by Leggett.

Judge Ashman denied the State's request to admit a recording of Dustin's 911 call—ruling that Dustin's hearsay statements during that call were not admissible as excited utterances or statements of present sense impression.

After these evidentiary matters were resolved, Leggett's attorney moved to dismiss the case, arguing that the corpus delicti rule was not satisfied. Judge Ashman denied Leggett's motion to dismiss. He concluded that even though Dustin's out-of-court statements were inadmissible hearsay, it was nevertheless proper for him to rely on these hearsay statements to determine whether Leggett's admissions were sufficiently corroborated to satisfy the corpus delicti rule. Judge Ashman analyzed the motivation behind Leggett's and Dustin's statements, as well as the details each described. He ruled that Leggett's admissions that she had driven were corroborated by Dustin's statements to the 911 dispatcher and the troopers, as well as the details of Leggett's own multiple statements.

The jury convicted Leggett of DUI. Leggett's attorney then moved for a new trial, arguing (in pertinent part) that Leggett's trial was unfair because of the mid-trial development that Dustin would not be testifying.

Judge Ashman denied this motion. He concluded that Leggett's attorney had been given multiple opportunities to move for a mistrial once it was learned that Dustin would not be testifying, and that the attorney had made a tactical decision not to request one.

Leggett now appeals her conviction.

### Leggett's corpus delicti claim

The major issue on appeal is whether a trial judge can consider inadmissible testimony when evaluating the admissibility of a defendant's confession under Alaska's corpus delicti rule. Leggett argues that only admissible evidence can be considered—and, for this reason, her trial judge committed error by relying on inadmissible evidence (in particular, Dustin's out-of-court statements) when the judge found that Leggett's admissions to the troopers were sufficiently corroborated to satisfy the corpus delicti rule.

Under Alaska's corpus delicti rule, a defendant cannot be convicted solely on the basis of an uncorroborated confession.[1] As this Court held in *Langevin v. State*,[2] Alaska follows the "evidentiary foundation" approach to corpus delicti.[3] Under this approach,

[t]he decision regarding corpus delicti is made by the trial judge before the case is submitted to the jury. The judge assesses the sufficiency of the State's evidence to prove the corpus delicti, and this decision is one of law—similar to the judge's assessment of the sufficiency of any other evidentiary foundation under Alaska Evidence Rule 104(a)-(b). Assuming the judge rules that the corpus delicti had been established, then, at the end of trial, the jury considers all of the evidence (including the defendant's confession) and decides whether the State has established each element of the charged crime beyond a reasonable doubt.[4]

Alaska's "evidentiary foundation" approach to the corpus delicti rule appears to be the minority position among American jurisdictions. Many American jurisdictions consider the corpus delicti to be an implicit element of the government's proof—an element that must be proved to the jury whenever the government's case includes evidence of the defendant's confession.[5] Under this "implicit element" approach to the corpus delicti rule, the government's proof of the corpus delicti must, of necessity, be based on admissible evidence—because the jury makes the ultimate decision as to whether the government has established the corpus delicti.

But under Alaska's "evidentiary foundation" approach to corpus delicti, the trial judge makes a foundational evidentiary ruling as to whether the jury should hear evidence of the defendant's confession—*i.e.*, whether the government has offered sufficient corroboration of the defendant's confession to allow the confession to be presented to the jury. Because the judge's corpus delicti decision is a foundational evidentiary ruling, the judge's ruling is governed by Alaska Evidence Rule 104. And Evidence Rule 104(a) declares that, when a judge makes this kind of ruling (determining whether the proponent of certain evidence has established the requisite foundation), the judge "is not bound by the rules of evidence except those with respect to privileges."

In addition, Alaska Evidence Rule 101(c)(1) states that the rules of evidence (except those relating to privilege) do not apply to "questions of fact preliminary to [determining the] admissibility of evidence when the issue is to be determined by the judge under Rule 104(a)."

Because Alaska's "evidentiary foundation" approach to the corpus delicti rule is the minority approach, there are not a lot of judicial decisions from other jurisdictions on this point of law. However, the few that we could find reach the same conclusion that we

---

**1.** *Dodds v. State*, 997 P.2d 536, 538 (Alaska App. 2000).

**2.** 258 P.3d 866 (Alaska App.2011).

**3.** *Id.* at 870.

**4.** *Id.* at 869–70 (quoting *Dodds*, 997 P.2d at 540 (alterations omitted)).

**5.** 1 Kenneth S. Broun et al., *McCormick on Evidence* § 145 Vol. 1, pp. 804–07 (7th ed.2013).

have reached here: the judge may consider evidence that would not be admissible in the trial itself.[6]

For these reasons, we hold that when the trial judge in Leggett's case was deciding whether Leggett's confession was sufficiently corroborated to satisfy Alaska's corpus delicti rule, the judge could properly consider Dustin Leggett's out-of-court statements for the truth of the matters asserted, even though those statements were inadmissible hearsay.

### Leggett's motion for a new trial

Prior to sentencing, Leggett's attorney moved for a new trial. The attorney argued that, due to the mid-trial development that Dustin would not be testifying, Leggett's trial became fundamentally unfair. Judge Ashman denied the motion for a new trial because he concluded that the defense attorney had made a tactical decision to proceed with the trial rather than request a mistrial.

On appeal, Leggett contends that, because of Dustin's mid-trial assertion of privilege, Judge Ashman should have sua sponte granted a mistrial. But Leggett's attorney pointedly refused to request a mistrial even when Judge Ashman prompted her to ask for one.

Judge Ashman later explicitly found that Leggett's attorney made a tactical choice to reject the remedy of a mistrial and, instead, to take the trial to completion. The record fully supports the judge's finding. And because Leggett's attorney made this tactical choice, Leggett is not allowed to now claim, on appeal, that Judge Ashman committed plain error by failing to declare a mistrial sua sponte.

Leggett further contends that she was unfairly surprised when Dustin refused to testify, and that she therefore was deprived of the opportunity to confront Dustin and his out-of-court statements. But again, Leggett's attorney expressly declined the trial judge's offer to strike Dustin's statements in their entirety. Instead, the defense attorney asked the judge to leave Dustin's statements in the evidentiary record (to explain the course of the investigation), but to bar the jury from considering those statements for their truth. The trial judge did as the defense attorney asked.

This means that Leggett has no claim under the Confrontation Clause—because when statements are not offered for the truth of the matters asserted, the admission of those statements does not implicate a defendant's right to confrontation.[7]

After the jury returned an unfavorable verdict, the defense attorney asked for a new trial, arguing that the trial became unfair after Dustin invoked his Fifth Amendment privilege. But as our supreme court explained in *Owens v. State*,[8] a defendant should not be allowed to "take a gambler's risk and complain only if the cards [fall] the wrong way."[9]

### Conclusion

The judgment of the district court is AFFIRMED.

---

6. *See State v. Sweat*, 366 N.C. 79, 727 S.E.2d 691, 697 (2012) ("Whether a defendant's confession satisfies the *corpus delicti* rule is a preliminary question of admissibility governed by Civil Procedure Rule 104(a). In ruling on this question of admissibility, a trial court 'is not bound by the rules of evidence except those with respect to privileges.' N.C.G.S. § 8C–1, Rule 104(a) (2011). Therefore, ... hearsay statements can be considered in determining if the confession satisfies the *corpus delicti* rule."); *State v. Gerlaugh*, 134 Ariz. 164, 654 P.2d 800, 806 (1982) ("While the statement made by [Gerlaugh's] codefendant could not be considered by the jury to determine appellant's guilt, we find it could be used to help establish the corpus delicti for the crimes involved, *i.e.*, the fact that the offenses

were actually committed, without regard [to] who committed them.")

7. *See Christian v. State*, 276 P.3d 479, 488 (Alaska App.2012) ("The [Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.") (quoting *Crawford v. Washington*, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)) (alteration in *Christian*).

8. 613 P.2d 259 (Alaska 1980).

9. *Id.* at 261 (quoting *Mares v. United States*, 383 F.2d 805, 808 (10th Cir.1967)).