*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ERIN LONG, | ) | |
| | ) | Supreme Court No. S-15669 |
| Appellant, | ) | |
| | ) | Superior Court No. 1SI-13-00129 CI |
| v. | ) | |
| | ) | O P I N I O N |
| ROBERT ARNOLD, | ) | |
| | ) | No. 7140 – December 16, 2016 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Juneau, David V. George, Judge.

Appearances: Charles W. Coe, Law Office of Charles W. Coe, Anchorage, for Appellant. Sheldon E. Winters, Lessmeier & Winters, LLC, Juneau, for Appellee.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

WINFREE, Justice.
MAASSEN, Justice, with whom STOWERS, Chief Justice, joins, dissenting in part.

## I.    INTRODUCTION

The main issue in this negligence case is whether it was error to issue the following causation instruction — specifically the last sentence of the instruction — to a jury determining whether one driver's admitted negligence was a substantial factor in causing another driver's claimed harm:

Negligence is a substantial factor in causing harm if:

> 1. the harm would not have occurred without the negligence; and

> 2. the negligence was important enough in causing the harm that a reasonable person would hold the negligent person responsible. The negligence cannot be a remote or trivial factor.

We hold it was not error to issue that instruction.

## II.    FACTS AND PROCEEDINGS

In July 2012 Erin Long was driving toward Sitka when Robert Arnold turned his truck onto the road, cutting her off and forcing her into a ditch. Long was traveling approximately ten miles per hour when she drove off the road, and her car slowed to a stop as it contacted roadside bushes. Long's car did not come into contact with Arnold's truck or any other stationary roadside object.

Long claimed she began to feel sore while on a flight to California two days after the accident. She subsequently sought medical treatment for her pain. Long later sued Arnold, alleging that his negligent driving caused her injury, medical expenses, economic loss, loss of enjoyment of life, and physical and emotional pain and suffering.

The case went to trial in July 2014. The jury found that Arnold's admitted negligence was not a substantial factor in causing Long's claimed harm; it therefore did not reach the damages question. The superior court entered judgment for Arnold and awarded him costs and attorney's fees under Alaska Civil Rules 79 and 82.

Long appeals, arguing that the superior court improperly permitted Arnold's medical expert to testify and that it gave incorrect causation and damages jury instructions. Alternatively Long asserts that the superior court incorrectly failed to

apportion the costs and fees awards between Long and her insurer and that it improperly included a local sales tax.

## III. DISCUSSION

### A. The Superior Court Did Not Abuse Its Discretion By Admitting Arnold's Expert Witness Testimony.[1]

Long argues that Arnold's expert witness, an orthopedic surgeon, should not have been allowed to testify; she contends that the required expert witness disclosures were incomplete and not made in a timely fashion, that the expert's testimony was not helpful to the jury because he had not examined Long, and that he was biased.

The superior court determined that any incompleteness or delay in Arnold's expert disclosures did not prejudice Long because complete disclosures were made in time for use at deposition and trial. We agree. Long did not depose the witness or request to extend discovery, despite having two months before trial to do so. To the extent the disclosures initially were incomplete, they were supplemented and substantially complete as required by Alaska Civil Rule 26(a)(2)(C).[2]

Under Alaska Evidence Rule 702(a), "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill,

---

[1]     We generally review a trial court's decision to admit expert testimony for abuse of discretion and will reverse only if the decision is manifestly unreasonable. *Cooper v. Thompson*, 353 P.3d 782, 786 (Alaska 2015) (first citing *State v. Coon*, 974 P.2d 386, 398 (Alaska 1999); then quoting *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 355 P.3d 503, 508 (Alaska 2015)).

[2]     This rule requires that expert disclosures "be made at the times and in the sequence directed by the court." The rule also requires that a party supplement its disclosures under subsection (e)(1) "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties."

experience, training, or education, may testify thereto in the form of an opinion or otherwise." Arnold's expert was a board-certified orthopedic surgeon who reviewed Long's medical records, including an MRI of her spine. The defense presented evidence that the expert was qualified to read and interpret MRIs and that he had experience concerning trauma-related spinal injuries, and his causation opinion could have helped the jury determine a fact at issue.[3] Because the expert's opinion could be useful to the jury, it was not manifestly unreasonable to admit his testimony even though he had not physically examined Long. As for Long's claim that the expert was biased, "it is well settled that an allegation of [expert] bias goes to testimony's weight, not its admissibility."[4]

The superior court's decision to admit Arnold's expert witness's testimony over Long's objections was not manifestly unreasonable, and we affirm it.

### B. All Of Long's Challenges To Jury Instructions Lack Merit Or Are Moot.[5]

Long challenges the superior court's jury instructions on causation and damages.[6] For the reasons below, we affirm the court's jury instruction decisions.

---

[3] *See Thompson v. Cooper*, 290 P.3d 393, 399-400 (Alaska 2012) (clarifying that medical expert witnesses' opinion testimony on causation may be helpful to jury when opinions are formed by experts subjectively "applying their practical experience to the particular facts of [the] injury").

[4] *Sylvia L. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 343 P.3d 425, 434 (Alaska 2015) (citing *DiCarlo v. Keller Ladders, Inc.*, 211 F.3d 465, 468 (8th Cir. 2000)).

[5] "Jury instructions involve questions of law to which we apply our independent judgment." *Thompson*, 290 P.3d at 398 (citing *L.D.G., Inc. v. Brown*, 211 P.3d 1110, 1118 (Alaska 2009)).

[6] The instructions Long challenges are all based on Alaska Civil Pattern Jury
(continued...)

**1.    The superior court did not err by using the substantial factor instruction or by including the term in the special verdict form.**

Long contends that the causation instructions misstated the law by requiring the jury to determine if Arnold's negligence was a "substantial factor" in causing Long's harm and by defining "substantial factor" to include the limitation that "the negligence cannot be a remote or trivial factor." At trial Long requested an instruction informing the jury of the causation requirement without inclusion of the "remote or trivial factor" limitation. The superior court declined to use Long's proposed instruction, a decision Long challenges on appeal.[7] Long also argues that repeating the substantial factor requirement in the special verdict form created an elevated burden "contrary to the normal burden of proof in a civil case."

Alaska uses the substantial factor test as a negligence claim's causation element:

> Alaska follows the "substantial factor test" of causation, which generally requires the plaintiff to show that the accident would not have happened "but for" the defendant's negligence and that the negligent act was so important in

---

[6]    (...continued)
Instructions (Pattern Instruction): Pattern Instruction 02.04 (defining "preponderance of the evidence"), Pattern Instruction 03.01 (instructing jurors on when plaintiff is entitled to recover for negligence), Pattern Instruction 03.07 (instructing jurors how to determine whether negligence was substantial factor in causing plaintiff's harm), Pattern Instruction 20.06 (instructing jurors on non-economic loss damages), and Pattern Instruction 20.18A (instructing jurors not to compensate plaintiff for harm caused by failure to mitigate).

[7]    "When reviewing a trial court's denial of a proposed instruction, our inquiry focuses upon whether the instructions given, when read as a whole, adequately inform the jury of the relevant law." *Thompson*, 290 P.3d at 398 (quoting *Kavorkian v. Tommy's Elbow Room, Inc.*, 694 P.2d 160, 166 (Alaska 1985)).

bringing about the injury that reasonable individuals would regard it as a cause and attach responsibility to it.[8]

Long specifically challenges inclusion of the sentence instructing the jury that, to be a substantial factor in causing her injury, Arnold's negligence could not be a remote or trivial factor. Long contends that the remote or trivial language is unsupported by our case law and that it forced the jury to "re-quantify" Arnold's negligence. But we have expressly stated that negligence law prohibits liability for harm "too remote from the defendant to be chargeable to him."[9] Alaska's substantial factor test is derived from the Restatement (Second) of Torts § 431 (1965),[10] containing commentary creating a distinction between events that are substantial factors in causing harm and events that are "so insignificant [to causing the harm] that no ordinary mind would think of them as causes."[11] It is clear from this principle that negligence cannot be considered a substantial factor in causing harm if the negligence's relation to the harm is "trivial."[12]

We fail to see how the substantial factor instruction including the statement "[t]he negligence cannot be a remote or trivial factor" forced the jury to "re-quantify" Arnold's negligence. As part of the substantial factor test, the "remote or trivial"

_____

**8**      *Winschel v. Brown*, 171 P.3d 142, 148 (Alaska 2007) (citing *Vincent by Staton v. Fairbanks Mem'l Hosp.*, 862 P.2d 847, 851 (Alaska 1993)).

**9**      *Howarth v. State, Pub. Def. Agency*, 925 P.2d 1330, 1333 (Alaska 1996) (quoting *Vincent*, 862 P.2d at 851 n.8).

**10**      *Vincent*, 862 P.2d at 851.

**11**      RESTATEMENT (SECOND) OF TORTS § 431 cmt. a (AM. LAW INST. 1965).

**12**      *Trivial*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("Trifling; inconsiderable; of small worth or importance.").

language does not concern the negligence itself, but instead asks the jury to examine the relationship between the negligence and the harm.[13]

When the jury instructions are read as a whole, it is clear the challenged instruction did not elevate Long's burden of proof in this case. The superior court instructed the jurors that "to find that the plaintiff is entitled to recover, you must decide it is more likely true than not true that . . . the defendant's negligence was a substantial factor in causing the plaintiff's harm." The superior court also explained to the jurors that "[s]ome of the instructions ask you to decide whether something is more likely true than not true. Something is more likely true than not true if you believe that the chance that it is true is even the slightest bit greater than the chance that it is not true." These instructions clearly lay out Long's burden of proving causation by a preponderance of the evidence.[14]

---

[13] *Vincent*, 862 P.2d at 851 ("The [proximate cause] prong of negligence causation questions 'whether the conduct has been so significant and important a cause that the defendant should be legally responsible.' " (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON TORTS § 42, at 273 (5th ed. 1984))).

[14] Long also contends that the superior court should not have used Pattern Instruction 02.04 because "the language of this instruction is confusing . . . since it addresses comparative fault and percentages." The instruction defines "preponderance of the evidence":

> Something is more likely true than not true if you believe that the chance that it is true is even the slightest bit greater than the chance that it is not true. In more familiar language, something is more likely true than not true if you believe that there is a greater than 50 percent chance that it is true. Fifty-one percent probability is enough; no more is required for you to decide that something is more likely true than not true.
>
> If you believe that the chance that something is true is 50/50 or less, you must decide that it is not true.

(continued...)

Finally, the special verdict form asked the jury "[w]as the defendant's negligence a substantial factor in causing harm to the plaintiff?" Because Long did not object to the special verdict form at trial, we review her argument on appeal for plain error.[15] The substantial factor instruction is an accurate statement of the law, so using the term "substantial factor" on the special verdict form does not create "a high likelihood that the jury would follow an erroneous theory resulting in a miscarriage of justice."[16] The superior court did not err in giving the substantial factor instruction or by including the term on the special verdict form.

> ### 2. The jury instructions adequately informed the jury of the law without a multiple cause instruction.

Long requested an instruction directing jurors that "[s]everal factors may operate at the same time . . . to cause harm" and "[i]n such a case, each may be a

---

[14]     (...continued)
Though this language used percentages to explain the concept of "more likely than not," it did not invite the jurors to compare Long's and Arnold's fault and does not misstate the law. *See* RESTATEMENT (SECOND) OF TORTS § 433B, cmt. a (AM. LAW INST. 1965) (explaining that plaintiff's burden of proof is by a preponderance of the evidence, meaning plaintiff "must make it appear that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the harm"). The superior court did not err by giving this instruction.

[15]     *Patterson v. Cox*, 323 P.3d 1118, 1120-21 (Alaska 2014) (citing *Roderer v. Dash*, 233 P.3d 1101, 1110 (Alaska 2010)). "[P]lain error exists when the jury instruction obviously created a high likelihood that the jury would follow an erroneous theory resulting in a miscarriage of justice." *Id.* at 1121 (alteration in original) (quoting *Khan v. State*, 278 P.3d 893, 896 (Alaska 2012)).

[16]     *Id.* at 1121 (quoting *Khan*, 278 P.3d at 896); *see Cummins, Inc. v. Nelson*, 115 P.3d 536, 544 (Alaska 2005) (noting special verdict form must "appropriately paraphrase[]" jury instructions).

substantial factor in causing the harm."[17]  Instead of the instruction Long proposed, the court issued Pattern Instruction 20.11, informing the jurors that "[a] person who has a condition or disability at the time of an injury cannot recover damages for that condition or disability" but can "recover damages for an aggravation of such pre-existing condition or disability if the aggravation is the legal result of the injury."  The superior court gave this instruction instead of Long's requested instruction because it determined that Pattern Instruction 20.11 applied to the case's facts and Long's proposed instruction did not.

A multiple cause instruction is appropriate when there are two or more forces, each by itself sufficient to cause the injury.[18]  By declining to issue a multiple cause instruction, the superior court determined that the evidence presented did not show multiple causes operating to harm Long, each sufficient to independently cause Long's harm.  Long's concern on appeal that the jury may have attributed her harm to a preexisting condition was resolved by the court's decision to give Pattern Instruction 20.11.  The jury instructions issued adequately informed the jury of the applicable law.

---

[17]     Pattern Instruction 03.08.

[18]     *State v. Abbott*, 498 P.2d 712, 727 (Alaska 1972) (explaining exception to actual cause requirement and stating "if two forces are operating to cause the injury, one because of the defendant's negligence and the other not, and each force by itself is sufficient to cause the injury, then the defendant's negligence may be found to be a substantial factor in bringing about the harm" (citing RESTATEMENT (SECOND) OF TORTS § 432(2) (AM. LAW INST. 1965))); Pattern Instruction 03.08 Directions for Use ("This instruction should be given when there is evidence that more than one factor operated to cause the harm.").

### 3. The issue of jury instructions on damages is moot.[19]

Long challenges the superior court's decision not to give her proposed non-economic damages instruction, which would have instructed jurors: "You shall award . . . a fair amount to compensate the plaintiff for pain and suffering, loss of enjoyment of life, humiliation, embarrassment, physical impairment, stress, and inconvenience resulting from her injuries." Long also objects to a sentence in a mitigation instruction defining "reasonable efforts" and advising jurors not to award damages for any losses that could have been avoided with such efforts.

The first question on the special verdict form had a pre-answered "yes" to the question whether Arnold was negligent because Arnold admitted this before trial. The second question on the special verdict form asked the jury: "Was the defendant's negligence a substantial factor in causing the harm to the plaintiff? Answer 'yes' or 'no.' " The jury answered: "No." The special verdict form then instructed jurors that if their answer was "no," they were finished with their deliberations and were not to answer any subsequent questions. The jury never considered any question regarding damages.

An issue "is moot where a decision on the issue is no longer relevant to resolving the litigation."[20] Because we affirm the superior court's decisions regarding the evidentiary question and jury instructions, we affirm the jury's verdict; we therefore

---

[19]    "We apply our independent judgment in determining mootness because, as a matter of judicial policy, mootness is a question of law." *Akpik v. State, Office of Mgmt. & Budget*, 115 P.3d 532, 534 (Alaska 2005) (citing *Ulmer v. Alaska Rest. & Beverage Ass'n*, 33 P.3d 773, 776 (Alaska 2001)).

[20]    *Maness v. Daily*, 184 P.3d 1, 8 (Alaska 2008) (quoting *Clark v. State, Dep't of Corr.*, 156 P.3d 384, 387 (Alaska 2007)).

do not need to decide whether the superior court correctly instructed the jury on damages because that issue is moot.

C. **The Superior Court Did Not Err By Refusing To Apportion The Attorney's Fees And Costs Awards.**[21]

Long contends that the attorney's fees and costs awards should have been apportioned between herself and her insurer, State Farm. This contention rests on Long's misplaced assertion that State Farm was a claimant in the case because Long's potential recovery would be offset by the amount State Farm paid for Long's medical expenses. State Farm informed Long by letter shortly after the accident that it would separately pursue reimbursement for medical expenses paid on Long's behalf. State Farm requested that Long "take no action whatsoever in connection with the recovery of State Farm['s] claim against the adverse party or insurance carrier."

It is settled law that once an insurer requests that its insured not pursue the insurer's claim against the tortfeasor for benefits paid, the insured has no right to present that claim.[22] State Farm's request that Long not pursue its claim prevented her from including the claim in her suit against Arnold. State Farm's claim was therefore not litigated. Accordingly, the superior court did not err by refusing to apportion the attorney's fees and costs award between Long and State Farm.

---

[21]    Whether a superior court correctly applied the law in awarding attorney's fees is a question of law we review de novo. *Tagaban v. City of Pelican*, 358 P.3d 571, 575 (Alaska 2015) (quoting *Beal v. McGuire*, 216 P.3d 1154, 1162 (Alaska 2009)).

[22]    *Ruggles v. Grow*, 984 P.2d 509, 512 (Alaska 1999) (explaining that a "consequence[] flowing from the fact that [the insurer] requested [the insured's] attorneys not to present its claim for medical expenses" is that the insured "lost the right to present the claim").

**D.    It Was Error To Include City And Borough Of Juneau Sales Tax In The Attorney's Fees Award.[23]**

The superior court awarded Arnold attorney's fees under Alaska Civil Rule 82(b)(2).  Included in this award was $375 of City and Borough of Juneau sales tax on attorney services the superior court found to be "an unavoidable charge, which mandatorily attaches to attorney services and is an inseparable part of the attorney fees cost to the client."  Long objects to the tax's inclusion in the attorney's fees award because "[t]here is no provision in the civil rules to award a Juneau based attorney sales tax on legal services for a trial in Sitka."

Rule 82(b)(2) does not expressly permit including sales tax on attorney services in an attorney's fee award.  This rule directs courts to award the prevailing party "30 percent of the prevailing party's reasonable and actual attorney's fees which were necessarily incurred" in cases which go to trial.  Rule 82(b)(2) clearly states that only a percentage of a party's "actual attorney's fees" will be awarded.  In contrast, for example, Alaska Civil Rule 79(f)(16) permits awarding prevailing parties only taxes incurred in connection with an enumerated necessary cost.  Because sales taxes on attorney's fees are not actual attorney's fees and because Rule 82 does not otherwise explicitly include sales taxes on attorney's fees, it was error to include those taxes in Arnold's attorney's fees award.

## IV.    CONCLUSION

For the reasons discussed above, we REVERSE the superior court's attorney's fees award and REMAND for an award consistent with this opinion, but AFFIRM the superior court in all other respects.

---

[23]    *See supra* note 21.

MAASSEN, Justice, with whom STOWERS, Chief Justice, joins, dissenting in part.

I disagree with one aspect of the court's decision today: that it was error for the superior court to include City and Borough of Juneau sales tax in Robert Arnold's attorney's fees when calculating his fee award under Alaska Civil Rule 82(b)(2).[1] The superior court correctly observed that the sales tax "is an inseparable part of the attorney fees cost to the client," and Rule 82, as reasonably interpreted, does not preclude it from consideration when the court makes a fee award.

In my view, the "reasonable actual attorney's fees" that Arnold "necessarily incurred" for purposes of Rule 82 included the sales tax; the attorneys were required by law to include it in their charges to the client, and the client became responsible for that incremental cost just as he did every other bit of overhead that added dollars to the attorneys' fees. Rule 82 awards are intended to be compensatory (albeit only partially in the usual case).[2] A compensatory award should recognize the true cost of the legal services to the client.

I acknowledge the contrast with Alaska Civil Rule 79(f)(16), which, as the court notes,[3] specifically allows "sales or other taxes necessarily incurred by the party in connection with a cost allowed in this subsection." It is true that Rule 82 has no parallel provision. But I cannot attribute the difference to a conscious choice by this

---

[1]     *See* Op. at 12.

[2]     *Foster v. Prof'l Guardian Servs. Corp.*, 258 P.3d 102, 111 (Alaska 2011) ("Rule 82's primary purpose is to partially compensate a prevailing party for attorney's fees incurred in enforcing or defending the party's rights. . . . Without the rule, the rights of the prevailing party would be less completely vindicated because of the uncompensated expense of litigation." (quoting *State v. Native Vill. of Nunapitchuk*, 156 P.3d 389, 398 (Alaska 2007))).

[3]     Op. at 12.

court, when it approved the rule, to preclude the superior court's consideration of the full amount of the attorney's fees that clients actually incur when the court is calculating a fee that will truly be compensatory.

I would hold that the superior court did not abuse its discretion when it calculated the Rule 82 award on the basis of Arnold's attorney's fees without first carving off the sales tax. On only that issue, I dissent from today's opinion.