NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

PAMALEA JOYCE RAMSEY,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11701
Trial Court No. 3AN-12-2725 CR

O P I N I O N

No. 2470 — August 28, 2015

Appeal from the Superior Court, Third Judicial District, Anchorage, Gregory A. Miller, Judge.

Appearances: Callie Patton Kim, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Kossler, Judges.

Judge ALLARD.

Pamalea Joyce Ramsey was convicted by a jury of one count of second-degree theft based on evidence that she stole a variety of items from her employer on different days.[1]

---

[1] *See* former AS 11.46.130(a)(1) (2012).

At trial, Ramsey's defense attorney asked the judge to instruct the jurors that they had to unanimously agree on which of the alleged acts of theft Ramsey committed. The prosecutor objected, and the trial judge declined to give the requested instruction.

On appeal, the State concedes that this was error. The State's concession of error is well-founded.[2]

When the State presents evidence that a defendant committed multiple different acts that could each support a criminal conviction, the court is required to instruct the jury that they must be factually unanimous as to which act the defendant committed.[3] Even in cases where the defense fails to request a factual unanimity instruction, the failure to give such an instruction is plain error requiring reversal unless the State can show that the error was harmless beyond a reasonable doubt.[4]

Here, the prosecutor presented evidence of multiple discrete acts of theft.[5] A factual unanimity instruction was clearly required in this circumstance and was also specifically requested by the defense counsel.

The prosecution's objection to the proposed factual unanimity instruction and the court's ruling against the instruction appear to be based on an incorrect understanding of the law. As this Court explained in *McDole v. State*, theft is not a

---

[2]   *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972).

[3]   *Covington v. State*, 703 P.2d 436, 440 (Alaska App. 1985); *Anderson v. State*, 289 P.3d 1, 4 (Alaska App. 2012); *Castillo v. State*, 821 P.2d 133, 137 (Alaska App. 1991).

[4]   *See Moreno v. State*, 341 P.3d 1134, 1138 (Alaska 2015).

[5]   *See* former AS 11.46.130(a)(1) (2012) (second-degree theft); former AS 11.46.140(a)-(1) (2012) (third-degree theft). In 2014, the legislature increased the value element of second-degree theft to $750 or more, and increased the value element of third-degree theft to $250 or more. *See* ch. 83, §§ 4, 5, SLA 2014.

continuing offense; a theft is complete as soon as the thief appropriates the property of another.[6]  Under AS 11.46.980(c), a defendant can be charged with, and convicted of, a higher degree of theft based on the aggregate value of items taken at separate times during "one course of conduct."  But *McDole* holds that this aggregation statute "does not define [the offense of] theft," and instead only defines "the degree of the theft that may be charged with aggregation."[7]

In other words, even when (as in Ramsey's case) the State charges a defendant with a higher degree of theft based on a connected series of smaller-value thefts, the jury's verdict must still be based on the jurors' unanimous agreement as to which of the individual thefts the defendant committed.

The judgment of the superior court is REVERSED.

---

[6]   *McDole v. State*, 121 P.3d 166, 169 (Alaska App. 2005).

[7]   *Id.*