NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| CYRUS GREGORY TAYLOR,<br><br>Appellant,<br><br>v.<br><br>STATE OF ALASKA,<br><br>Appellee. | Court of Appeals No. A-11719<br>Trial Court No. 3AN-12-4678 CR<br><br>O P I N I O N<br><br>No. 2555 — May 26, 2017 |

Appeal from the Superior Court, Third Judicial District, Anchorage, Stephanie E. Joannides, Judge.

Appearances: Glenda J. Kerry, Girdwood, for the Appellant. Eric A. Ringsmuth, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

Cyrus Gregory Taylor appeals his conviction for first-degree failure to stop at the direction of a peace officer — otherwise known as "felony eluding".

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Under the statute defining this crime — AS 28.35.182(a) — the State must prove two elements: first, that the motorist failed to stop when directed to do so; and second, that the motorist, while eluding the police, (1) committed the separate offense of reckless driving, or (2) committed the separate offense of vehicle theft, or (3) caused an accident, or (4) caused serious physical injury.

Taylor was indicted on the theory that he committed the offense of reckless driving while he was eluding the officers. However, toward the end of the trial, the trial judge (apparently acting *sua sponte*) amended the jury instruction on the elements of the crime — adding a provision which said that Taylor could alternatively be convicted of felony eluding if the jurors found that he caused an accident while he was eluding the officers.

Even though the instruction on the elements of the crime now allowed the jurors to convict Taylor under either a "reckless driving" or a "caused an accident" theory, the judge did not instruct the jurors that they had to be unanimous as to which theory they thought the State had proved.

Taylor's attorney did not object when the trial judge amended the elements instruction to include both a "reckless driving" theory and a "caused an accident" theory of the crime. Nor did Taylor's attorney object to the lack of a factual unanimity instruction.

But on appeal, Taylor argues that it was plain error for the trial judge to let the jurors decide the eluding charge based on a "caused an accident" theory. Taylor contends that this theory was a fatal variance from the theory of reckless driving that the State presented to the grand jury.

In the alternative, Taylor argues that the judge committed plain error by failing to give the jurors a factual unanimity instruction — *i.e.*, an instruction requiring

the jurors to reach unanimous agreement as to which of the two theories had been proved.

For the reasons we are about to explain, we find that neither of these alleged errors constitutes plain error, and we therefore affirm Taylor's conviction.

*Underlying facts*

On May 15, 2012, Anchorage police officers Christopher Nelson and Matthew Jensen were on patrol, in separate patrol cars, when they saw a Suburban run a red light on DeBarr Road and then turn onto Pine Street. Officer Nelson activated his overhead lights and began to pursue the Suburban. Officer Jensen joined in the pursuit.

Rather than stopping, the driver of the Suburban accelerated away from the officers. Traveling at speeds of up to 70 miles per hour, the driver of the Suburban engaged in evasive maneuvers through residential streets and alleys where the speed limit was between 25 and 30 miles per hour. The driver swerved, slid, made sharp turns, and at times fish-tailed out of control.

The officers followed the Suburban until it stopped just behind a parked Nissan Maxima. Although the officers did not perceive it at the time, the Suburban apparently collided lightly with the Maxima.

Officer Nelson pulled his patrol car in behind the Suburban, intending to box it in and prevent it from leaving. The driver of the Suburban then backed his vehicle into Nelson's patrol car. At this point, both officers saw Taylor exit the Suburban through the driver's door and start running away toward the south. There was a second man in the Suburban, and he fled toward the northwest.

Nelson and his police dog followed Taylor, and Taylor was apprehended approximately two minutes later. The police were unable to track down the other man.

When Taylor was apprehended, he had a strong odor of alcohol and his speech was slurred; he also had bloodshot, watery eyes. The police arrested Taylor for driving under the influence, and Taylor later refused to submit to a breath test.

Based on these events, Taylor was charged with five offenses: felony eluding (*i.e.*, first-degree failure to stop at the direction of a peace officer), driving under the influence, refusing to submit to a breath test, leaving the scene of a collision with an unattended vehicle (the Nissan Maxima), and leaving the scene of a collision with an attended vehicle (the patrol car).

The indictment for felony eluding alleged that Taylor knowingly failed to stop his vehicle when he was signaled to do so by the police, and that, in the process of eluding the officers, Taylor committed the offense of reckless driving "by creating a substantial and unjustifiable risk of harm to a person and/or to property".

At Taylor's trial, the State presented evidence of all five charges. Thus, in addition to presenting evidence that Taylor drove recklessly through residential streets while he was eluding the officers, the State also presented evidence that Taylor collided with the unattended Nissan Maxima, and that Taylor backed the Suburban into Officer Nelson's patrol car.

*The jury instruction on the elements of felony eluding*

Both Taylor and the State offered jury instructions on the elements of the felony eluding charge. Both of these proposed instructions were worded based on the State's theory at grand jury: that Taylor's offense was a felony because he committed reckless driving while he was eluding the officers.

Neither of the proposed instructions included the alternate theory that Taylor's offense was a felony because he caused an accident, and there was no discussion at Taylor's trial about amending the jury instruction to include this theory.

But somehow, by the time the trial judge assembled the final version of the jury instructions, the instruction on the elements of felony eluding had been amended to include both theories. This amended instruction told the jurors that Taylor could be convicted of felony eluding either under the theory that he committed reckless driving or under the theory that he caused an accident.

In Taylor's brief to this Court, he asserts that the trial judge amended the jury instruction *sua sponte*. The State, for its part, appears to concede that this is correct — that the judge unilaterally amended the instruction to include the alternate theory that Taylor had caused an accident.

In any event, by the time the two attorneys delivered their closing arguments to the jury, both attorneys were aware that the jury instruction had been amended to include the alternate theory that Taylor had caused an accident. Taylor admits that his trial attorney made no objection when the judge amended the jury instruction to include the alternate theory of causing an accident.

In addition, the amended jury instruction did not tell the jurors that they had to unanimously agree as to which theory the State had proved — reckless driving or causing an accident. Taylor admits that his attorney did not object to this aspect of the jury instruction.

However, the judge's action had little effect on Taylor's theory of defense. From the beginning of the trial (as articulated in the defense attorney's opening statement), Taylor's defense was that he had not been driving the Suburban — that he was the *passenger* in the Suburban, and that another man named Adrian "Geronimo"

Beaver was the driver. Taylor testified in support of this defense, and Taylor's attorney reiterated this claim when he delivered the defense summation to the jury.

The jury rejected Taylor's defense and convicted him of driving under the influence, refusing to submit to a breath test, leaving the scene of an accident with an attended vehicle (Officer Nelson's patrol car), and felony eluding. However, the jury acquitted Taylor of leaving the scene of an accident with an unattended vehicle (the Nissan Maxima), apparently under the theory that Taylor was unaware that his Suburban had collided with that vehicle.

*Taylor's claim that it was plain error for the trial judge to neglect to instruct the jurors on the need for factual unanimity*

Alaska law requires jurors to reach unanimity regarding the act for which the defendant is found guilty. [1] Thus, when the State presents evidence that a defendant committed different acts that could each separately support a criminal conviction, the trial judge is required to instruct the jurors that, in order to return a verdict, they must reach unanimous agreement as to which of these acts the defendant committed. [2]

But our law does not require the jurors to reach unanimity regarding the *theory* under which the defendant's actions constitute the charged crime. Thus, in *State v. James*, 698 P.2d 1161, 1167 (Alaska 1985), the Alaska Supreme Court held that when a statute defines a crime as an act performed with one of multiple culpable mental states, the jury need not reach unanimous agreement as to exactly what culpable mental state

---

[1]  *See*, *e.g.*, *Khan v. State*, 278 P.3d 893, 897 (Alaska 2012).

[2]  *See*, *e.g.*, *Ramsey v. State*, 355 P.3d 601, 602 (Alaska App. 2015); *Anderson v. State*, 289 P.3d 1, 4 (Alaska App. 2012); *Castillo v. State*, 821 P.2d 133, 136-37 (Alaska App. 1991); *Covington v. State*, 703 P.2d 436, 440 (Alaska App. 1985).

the defendant had. As the *James* court explained, "where the alleged criminal deed is restricted to a single incident, any potential difference in the jurors' findings of intent versus wilful disregard is not significant". *Ibid.*

Indeed, the *James* court went even farther — indicating that when a statute defines a crime using alternative clauses or subsections, the legislature is presumed to have defined a single crime that can be proved in different ways, and a trial jury need not be unanimous as to which of these alternative theories the government has proved:

> We do not believe the legislature intended to force prosecutors in charging crimes, or judges in instructing juries, to select either one or another of the alternative subsections in most criminal statutes. If it had so intended, the legislature would not have included the various subsections in unitary statutory offenses. To the contrary, the legislature evidently contemplated disjunctive charging and wanted to make it possible to convict despite a potential lack of analytical unanimity.

*James*, 698 P.2d at 1167.

Nor is this doctrine of non-unanimity restricted to differences in culpable mental states. In *Gray v. State*, 463 P.2d 897, 911 (Alaska 1970), the supreme court expressly approved the practice of having a jury return a general verdict on the crime of first-degree murder, even though (under Alaska's former criminal code) this crime was defined in the disjunctive — as either a premeditated killing or an intentional killing performed during the commission of a felony. The court stated:

> Although there are several ways of committing first-degree murder, it is still only one crime; and only one sentence can be imposed. We believe it is sound to allow multiple theories

to be presented to the jury and not to force the jury to choose between them.

*Gray*, 463 P.2d at 911.

Similarly, in *State v. McDonald*, 872 P.2d 627, 655 (Alaska App. 1994), where the defendant was charged with murder under a complicity theory, this Court held that the jury did not have to reach unanimous agreement as to whether the defendant personally killed the victim or, instead, solicited another person to kill the victim. *Accord*, *Totemoff v. State*, 866 P.2d 125, 129 (Alaska App. 1993).

And in *Cheely v. State*, 850 P.2d 653, 661-63 (Alaska App. 1993), this Court held that a theft indictment encompasses all six of the methods of committing theft defined in AS 11.46.100, so that there is no fatal variance when a defendant who is indicted for theft under an "unlawful taking" theory is convicted under a "knowingly receiving stolen property" theory.

Returning to the present case, the statute defining the crime of felony eluding, AS 28.35.182(a), declares that the act of failing to stop at the direction of a police officer is elevated to a felony if that act is accompanied by one of four aggravating factors. Based on the structure of this statute, the crime of felony eluding presents the legal situation discussed in *James*, *Gray*, *McDonald*, and *Cheely*: a single crime, with alternative ways to commit it.

In Taylor's case, his reckless driving and his collision with the patrol car were simply different aspects of one continuing act of eluding. Taylor drove recklessly through residential streets and then, when he finally came to a stop, he backed into the patrol car that had parked behind him to box him in.

Because Taylor's case involved only one act of eluding, the jurors did not need to reach unanimity regarding the theory that made this act of eluding a felony-level offense.

*Taylor's claim that the trial judge's addition of the "caused an accident" theory led to a fatal variance*

As we have already explained, Taylor was indicted for felony eluding under the theory that, while he was eluding the officers, he committed the offense of reckless driving. But Taylor was also charged with leaving the scene of a collision with an attended vehicle (Officer Nelson's patrol car). To prove this charge, the State presented evidence that Taylor backed the Suburban into the patrol car after Nelson used the car to box Taylor in.

Apparently based on this evidence, the trial judge amended the jury instruction on the elements of felony eluding so that it allowed the jurors to convict Taylor either (1) under the theory that he committed reckless driving while eluding the officers or (2) under the theory that he caused an accident while eluding the officers.

Alaska Criminal Rule 7(e) authorizes a trial judge to permit the amendment of an indictment to conform to the trial evidence "at any time before [the] verdict", so long as "no additional or different offense is charged and the substantial rights of the defendant are not prejudiced."

Here, no "different offense" was charged — because, as we explained in the preceding section of this opinion, the four different circumstances that raise an act of eluding to a felony under AS 28.35.182(a) are *not* four separate crimes, but rather four different ways of committing the same crime.

But Taylor argues that the trial judge's action prejudiced his substantial rights. More specifically, Taylor argues that, by amending the instruction on the elements of felony eluding, the judge effectively allowed the trial jurors to convict Taylor under a theory that was not charged in the indictment, and that the grand jurors never considered.

– 9 –

2555

As a general rule, it is improper to convict a defendant based on evidence that is materially different from the evidence that supported the grand jury indictment.[3] But our law recognizes various exceptions to this rule.

As this Court said in *Rogers v. State*, 232 P.3d 1226 (Alaska App. 2010), "Alaska has long recognized that the proof ultimately adduced at a criminal trial may differ in significant ways from the evidence presented to the grand jury, and that the trial jury may legitimately reach a different view of events from the one represented in the grand jury indictment." *Id.* at 1239. Our decision in *Rogers* contains a discussion of several prior cases that apply this principle. *Id.* at 1239-1240. *See also Andrew v. State*, 237 P.3d 1027, 1034-35 (Alaska App. 2010) (holding that there is no material variance when a defendant is indicted under the theory that they personally committed a crime, but the defendant is convicted under a complicity theory — or vice versa).

Here, the question is whether it is a "constructive amendment" of the indictment if a grand jury indicts a defendant for felony eluding under one of the four alternative theories listed in AS 28.35.182(a), but the trial jury convicts the defendant under one of the other theories. We conclude that we need not answer this question in Taylor's case — because the facts of this case show that there was no significant departure from the grand jury's view of the case, and Taylor's substantial rights were not prejudiced.

As explained by our supreme court in *Michael v. State*, we must decide whether the State's proof of the felony eluding charge at Taylor's trial was "a departure ... from the indictment sufficiently great to be regarded as a constructive amendment" (thus requiring reversal), or whether the difference in proof was "a mere variance, which

---

3   *Lindeman v. State*, 244 P.3d 1151, 1159 (Alaska App. 2011).

is reversible error only if prejudicial to the defendant." 805 P.2d 371, 373 (Alaska 1991).

The prosecutor who presented Taylor's case to the grand jury asked the grand jurors to indict Taylor under the theory that he committed the offense of reckless driving while he was eluding the police — *i.e.*, that Taylor "[drove] a motor vehicle ... in a manner that create[d] a substantial and unjustifiable risk of harm to a person or to property". [4] But Taylor's dangerous driving through residential streets and his collision with the patrol car at the end of the chase were simply different aspects of one continuing act of eluding. To establish that Taylor drove the Suburban in a manner that created a substantial and unjustifiable risk of harm, the prosecutor presented testimony to the grand jury that described Taylor's entire course of reckless driving — including Taylor's final act of backing the Suburban into Officer Nelson's patrol car.

In this context, there is no reason to believe that the grand jurors viewed the collision with the patrol car as separate from the dangerous driving that preceded it. The fact that Taylor purposely backed into the patrol car at the end of the chase was simply a component of the evidence that Taylor drove recklessly.

Moreover, because the State separately charged Taylor with leaving the scene of an accident (based on his act of backing into the patrol car and then running away), it was obvious to Taylor's defense attorney that the State's trial evidence was going to encompass Taylor's entire course of driving, including the collision with the patrol car. Thus, Taylor's attorney knew that he was going to have to respond to that evidence. And he did — by asserting the blanket defense that Taylor was not the driver of the Suburban.

---

[4]  AS 28.35.400(a).

Given these circumstances, even if some of the trial jurors relied on the fact that Taylor had caused an accident when they found him guilty of felony eluding, we find no fatal variance.

*Conclusion*

The judgement of the superior court is AFFIRMED.