NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific*</u> <u>*Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

DANIEL LEE BROWN,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-12335
Trial Court No. 3PA-14-1076 CR

O P I N I O N

No. 2616 — August 31, 2018

Appeal from the Superior Court, Third Judicial District, Palmer, Kari C. Kristiansen, Judge.

Appearances: Glenda J. Kerry, Girdwood, under contract with the Public Defender Agency, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Patrick Sherry, Assistant Attorney General, Office of Special Prosecutions, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard, Judge.

Judge MANNHEIMER.

Daniel Lee Brown appeals his conviction for criminal nonsupport, AS 11.51.120(a). As defined in this statute, a person commits criminal nonsupport if they are legally responsible for the support of a child and if, without lawful excuse, they knowingly fail to provide support for the child. Under the pertinent portion of the

statute, this crime is a felony if the amount of unpaid child support equals $20,000 or more, or if the person fails to provide child support for 24 consecutive months or more. AS 11.51.120(d).

Brown was responsible for the support of two children from his former marriage, and he made support payments of $1031 a month for seven years — from July 2003 until July 2010. But in August 2010, Brown stopped paying child support. In fact, according to Department of Labor records, Brown no longer had any reportable wage income after the third quarter of 2010. Brown also stopped applying for his Permanent Fund dividend in 2010 — apparently, because his previous two dividends had been garnished for child support.

In February 2010 (*i.e.*, about a half-year before Brown stopped paying child support), Brown started a construction business. More than $100,000 was deposited into the business's bank account between September 2010 and May 2011. However, according to the construction business's records, Brown drew no salary from the business during this time. Instead, acting in his capacity as co-owner of the business, Brown made transfers and cash withdrawals from the business account that were not reported as income to him.

Brown was indicted on two counts of felony nonsupport, and he went to trial in February 2015. At trial, Brown conceded that he had failed to pay his child support, but he contended that he had a lawful excuse for failing to pay. Brown asserted that he had been making good-faith, reasonable efforts to make money to pay the child support, but that he had been unsuccessful despite his best efforts.

The jury rejected this defense and found Brown guilty.

*The inadvertent omission in the jury instructions on the elements of criminal nonsupport*

In this appeal, Brown points out that there was a flaw in the two jury instructions that listed the elements of his crime. The pertinent portions of these instructions read:

Daniel Brown ... has been charged ... with the crime of criminal nonsupport. ... The elements of [this crime] are:

1) That between ... January 11, 2012 and ... March 1, 2014, Daniel Lee Brown was a person legally charged with the support of his [minor] children ... under a valid [court] order;

.   .   .

3) That Daniel Lee Brown's failure to provide support for his children was knowing;

4) That Daniel Lee Brown's failure to provide support was without lawful excuse.

The flaw here is that these instructions did not expressly say that the State was required to prove that Brown did, in fact, fail to pay his court-ordered support. Rather, this concept was merely implicit in the other clauses of the instructions.

Although Brown points out this problem on appeal, Brown's trial attorney did not object to these jury instructions. Thus, to prevail in this appeal, Brown must

demonstrate plain error.[1] Here, we conclude that the flaw in the jury instructions is not plain error.

First, we agree with the State that even though the instructions did not *explicitly* say that the State was required to prove that Brown failed to pay his child support, this element is implicit in the other clauses of the instruction.

Clause (3) of the instructions directed the jurors to decide whether the State had proved that "Daniel Lee Brown's failure to provide support for his children was knowing". Similarly, clause (4) directed the jurors to decide whether the State had proved that "Daniel Lee Brown's failure to provide support was without lawful excuse". Any reasonable juror, being asked to decide these two issues, would understand that the charge of criminal nonsupport required the State to prove that Brown had, in fact, not paid his child support.

Second, the element of failure to pay was not contested at Brown's trial. As we have explained, Brown's attorney expressly conceded that Brown had failed to pay his court-ordered child support. The issue litigated at trial was whether Brown had a lawful excuse for failing to pay — that is, whether Brown had been unable to make money to pay his child support obligation despite reasonable, good-faith efforts.

In the context of jury instructions, "an appellate court will only find plain error where the erroneous instruction or lack of instruction creates a high likelihood that the jury followed an erroneous theory, resulting in a miscarriage of justice." *Dobberke v. State*, 40 P.3d 1244, 1247 (Alaska App. 2002) (quoting *In re Estate of McCoy*, 844

---

[1] *See* Alaska Criminal Rule 30(a). The pertinent part of this rule declares: "No party may assign as error any portion of the charge [to the jury] or omission therefrom unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objections."

P.2d 1131, 1134 (Alaska 1993)). There is no such likelihood here. We therefore conclude that the flaw in the jury instructions in Brown's case is not plain error.

For similar reasons, we do not interpret the Alaska Supreme Court's recent decision in *Jordan v. State*, 420 P.3d 1143 (Alaska 2018), as requiring automatic reversal of Brown's conviction.

The defendant in *Jordan* was charged with possessing four ounces or more of marijuana in his home. At trial, Jordan's defense was that he reasonably believed that his marijuana weighed less than four ounces. The trial judge erroneously concluded that this was not a valid defense to the charge. Thus, the judge refused to instruct the jury on this defense, and the judge would not let Jordan testify about why he believed that his marijuana weighed less than four ounces.[2]

Thus, as our supreme court put it, "the jury was not informed that [Jordan's] reasonableness was an issue", and "the jury had no opportunity to decide ... whether [Jordan's] defense was a reasonable one".[3] In these circumstances, the supreme court held, the trial judge's refusal to instruct the jurors on this contested element of the offense was a structural error — *i.e.*, an error that automatically required reversal of Jordan's conviction.[4]

We do not read *Jordan* as requiring automatic reversal of a criminal conviction whenever there is some flaw in the jury instruction on the elements of the crime. And Brown's case does not present the kind of structural error that was found in *Jordan*.

---

[2] *Jordan*, 420 P.3d at 1146-47.

[3] *Id*. at 1156.

[4] *Id*. at 1155-56.

Brown was charged with criminal nonsupport — a crime whose very name implies that the State is alleging that the defendant failed to provide support. And even though the challenged jury instructions may have been technically flawed, these instructions clearly communicated that Brown was being prosecuted for failing to pay his child support — because, in these instructions, the jury was told that the State had to prove that "Brown's failure to provide support for his children was knowing" and that "Brown's failure to provide support was without lawful excuse."

Furthermore, the fact that Brown failed to pay his child support was uncontested. Brown's attorney affirmatively conceded that Brown had not paid his child support. Brown's entire defense was that he lacked the money to pay the child support despite his reasonable, good-faith efforts.

Thus, Brown was allowed to present his chosen defense, and the jury instructions allowed the jury to fully consider that defense. For these reasons, we conclude that the flaw in the jury instructions in Brown's case does not constitute structural error.

> *Whether the jurors had to unanimously agree as to whether (1) Brown had sufficient money to pay his child support but he deliberately refused, or (2) Brown did not have sufficient money to pay his child support, but he could have had sufficient money if he had made reasonable efforts to obtain it*

Brown raises one other claim on appeal. This second claim involves another jury instruction — the instruction that dealt with the question of whether Brown had a "lawful excuse" for failing to pay his child support.

The challenged jury instruction told the jurors that there were two ways in which the State could prove that Brown's failure to pay his child support was "without

lawful excuse": the State could prove that Brown "actually had the financial ability to provide [the] support", or the State could prove that Brown "could have had [this] ability through the exercise of reasonable efforts".

This jury instruction ended with the following paragraph, which told the jurors that they did not have to be unanimous as to which theory of "without lawful excuse" the State had proved:

> To return a unanimous verdict of guilty, you need not all agree on which way the state proved [the element of "without lawful excuse"]. But each juror must find that the state has proved beyond a reasonable doubt [at] least one of these alternate ways of proving [this] element ... .

On appeal, Brown argues that the jury was in fact required to reach unanimous agreement as to which theory the State had proved — *i.e.*, unanimous agreement as to whether (1) Brown *had* the money to pay the child support, but he refused to pay, or (2) Brown *could have had* the money to pay the child support, but he refused to exercise reasonable efforts to get the money.

We doubt that Brown's jury had to be unanimous as to which theory the State had proved. See our detailed discussion of this issue in *Taylor v. State*, 400 P.3d 130, 134-36 (Alaska App. 2017).

But in any event, we reject Brown's claim of error because Brown himself invited this error.

As explained in *Johnson v. State*, 328 P.3d 77, 86 (Alaska 2014), "invited error [occurs] when a party urges a lower court to do something that the party later appeals as erroneous". Here, Brown's attorney proposed the instruction that he now challenges — including the portion expressly telling the jurors that they were *not*

required to reach unanimous agreement as to whether Brown had sufficient money to pay the child support but refused to do so, or whether, instead, Brown could have had the money but he failed to make reasonable, good-faith efforts to get it. The trial judge took the challenged language nearly *verbatim* from the instruction that Brown's attorney proposed.

As the supreme court explained in *Johnson*, an appellate court will review an invited error only if the case presents an "exceptional situation" where reversal of the lower court's judgement "is necessary to preserve the integrity of the judicial process or to prevent a miscarriage of justice."

Given the evidence in Brown's case, and given the way the case was argued to the jury, we conclude that Brown's case does not present the kind of exceptional situation where we should overlook the fact that Brown's own attorney asked the judge to give the jury instruction that he now challenges on appeal.

*Conclusion*

The judgement of the superior court is AFFIRMED.